# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 4, 2013

146575

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE CITY OF WESTLAND,
      Plaintiff-Appellee,

v

SC: 146575
COA: 301774
Wayne CC: 10-001712-01-AR

JEFFREY KODLOWSKI,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the December 4, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE part D of the Court of Appeals opinion, which addresses the potential application of *People v Moreno*, 491 Mich 38 (2012), to this case. The Court of Appeals raised this issue sua sponte, but noted correctly, in deciding it, that the defendant claimed that he did not resist arrest for the alleged assault on Officer Little, and contended that he was charged with resisting arrest only to "cover up" the excessive force the officers used in effecting that arrest. As the defendant acknowledged in his testimony that he twice touched Officer Little, probable cause existed to effect his arrest. Therefore, the Court of Appeals had no occasion to discuss or decide the applicability of *People v Moreno* to this case, or to determine whether, and to what extent, *People v Moreno* will be given retroactive effect in this or other cases.

We also REVERSE that part of the Court of Appeals decision holding that the evidence regarding the nature of the defendant's injuries was properly excluded under MRE 402. That evidence was relevant to the defendant's claim that the arresting officers fabricated charges to justify their actions. We decline to reverse the result reached by the Court of Appeals, however, as the error did not result in a manifest injustice because the defendant was not entirely deprived of his fabrication defense. *People v Lukity*, 460 Mich 484 (2006).

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 4, 2013



Clerk

p1001